UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Katarzyna Bardo | § | Case No. 15-14266 |
| | § | |
| Debtor | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 04/22/2015 . The undersigned trustee was appointed on 04/22/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 33,500.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 6,500.00 |
| Bank service fees | | 180.46 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 26,819.54 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 09/15/2017 and the deadline for filing governmental claims was 09/15/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,412.51 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,412.51 , for a total compensation of $ 3,412.51 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 77.82 , for total expenses of $ 77.82 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/02/2018                    By: /s/Frank J. Kokoszka, Trustee
                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-14266 | JSB | Judge: | Janet S. Baer | Trustee Name: | Frank J. Kokoszka, Trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Katarzyna Bardo | | | | Date Filed (f) or Converted (c): | 04/22/2015 (f) |
| | | | | | 341(a) Meeting Date: | 05/26/2015 |
| For Period Ending: | 08/02/2018 | | | | Claims Bar Date: | 09/15/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash On Hand<br><br>Amended Schedules filed on 05/16/2017 amending amount from $150 to $100.00 | 100.00 | 0.00 | | 0.00 | FA |
| 2. Us Bank-Checking | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Furniture | 700.00 | 0.00 | | 0.00 | FA |
| 4. Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 5. Petition to Quash Service of Summons and Vacate all Void Ord (u)<br><br>Amended schedules filed on 05/16/2017 (after case was reopened) | Unknown | 20,000.00 | | 33,500.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)        $2,300.00        $20,000.00        $33,500.00        $0.00

(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Case was initially closed on 8/18/15 after a NDR was filed. Case was reopened.

Exhibit A

Trustee has filed a Motion for Approval of Settlement. In response the Trustee has received a higher offer to sell the Estate's interest in the Debtor's Claim. A hearing has been set for bids on the sale of the Debtor's claim and approval of same.  - Frank J. Kokoszka 12/19/2017

Trustee has conducted a telephonic auction for the sale/settlement of the claims and will now seek court approval for the sale/settlement of claim.  - Frank J. Kokoszka 1/4/2018

Court has approved settlement of claim. Estate to receive funds in 14 days. Trustee has also filed a Motion to Retain Accountants  - Frank J. Kokoszka 1/12/2018

Trustee is awaiting tax returns. Also, an administrative claimant has contacted the trustee; trustee and claimant have reached an agreement in principal and is awaiting claimant's motion.    - Frank J. Kokoszka 5/5/2018

 Trustee has filed tax returns. Administrative claimant has filed Motion for allowance of Administrative Claims. - Frank J. Kokoszka 6/9/2018



Initial Projected Date of Final Report (TFR): 07/01/2018		Current Projected Date of Final Report (TFR): 09/30/2018

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |   | | |
|---|---|---|---|---|
| Case No: | 15-14266 | Trustee Name: | Frank J. Kokoszka, Trustee | |
| Case Name: | Katarzyna Bardo | Bank Name: | BOK Financial | |
| | | Account Number/CD#: | XXXXXX0333 | |
| | | | Checking | |
| Taxpayer ID No: | XX-XXX9111 | Blanket Bond (per case limit): | $5,000,000.00 | |
| For Period Ending: | 08/02/2018 | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/27/18 | 5 | Fidelity National Title Insurance Company<br>10 South LaSalle<br>Suite 2750<br>Chicago, Il. 60603 | Settlement of Debtor's Claim<br>Fidelity's share of Settlement approved by Bankruptcy Court on 1/24/18. Remainder of Settlement is due from Sutton Funding | 1229-000 | $5,000.00 | | $5,000.00 |
| 02/07/18 | 5 | Sutton Funding<br>c/o Bloom Murr Accomazzo & Siler, P.C.<br>410 77th Street, Suite 2400<br>Denver, Colorado 80202 | Settlement of Debtor's Claim<br>Remainder of Settlement due from Sutton Funding pursuant to Court's Order. | 1229-000 | $28,500.00 | | $33,500.00 |
| 02/28/18 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.07 | $33,466.93 |
| 03/30/18 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $49.74 | $33,417.19 |
| 04/30/18 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $48.06 | $33,369.13 |
| 05/31/18 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $49.59 | $33,319.54 |
| 06/20/18 | 101 | Eryk Folmer<br>c/o Zane L. Zielinski<br>The Law Office of Zane L. Zielinski<br>6336 North Cicero Avenue, Suite 201<br>Chicago, Illinois 60646 | Payment to Professional<br>Court Order on 6/20/18 allowing administrative claim. | 3991-000 | | $6,500.00 | $26,819.54 |

| | | |
|---|---|---|
| COLUMN TOTALS | $33,500.00 | $6,680.46 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $33,500.00 | $6,680.46 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $33,500.00 | $6,680.46 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals:  $33,500.00    $6,680.46

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0333 - Checking | $33,500.00 | $6,680.46 | $26,819.54 |
|  | $33,500.00 | $6,680.46 | $26,819.54 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $33,500.00 |
| Total Gross Receipts: | $33,500.00 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 15-14266  
Debtor Name: Katarzyna Bardo  
Claims Bar Date: 9/15/2017

Date: August 2, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Frank J. Kokoszka | Administrative | | $0.00 | $3,412.51 | $3,412.51 |
| 100 2200 | Frank J. Kokoszka | Administrative | | $0.00 | $77.82 | $77.82 |
| 100 3110 | Kokoszka & Janczur, P.C.<br>19 South LaSalle Street<br>Suite 1201<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $4,200.00 | $4,200.00 |
| 100 3120 | Kokoszka & Janczur, P.C.<br>19 South LaSalle Street<br>Suite 1201<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $3.35 | $3.35 |
| 100 3410 | Alan D. Lasko & Associates, P.C.<br>205 West Randolph<br>Suite 1150<br>Chicago, IL 60606 | Administrative | | $0.00 | $1,761.50 | $1,761.50 |
| 100 3420 | Alan D. Lasko & Associates, P.C.<br>205 West Randolph<br>Suite 1150<br>Chicago, IL 60606 | Administrative | | $0.00 | $22.80 | $22.80 |
| 100 3991 | Eryk Folmer<br>c/o Zane L. Zielinski<br>The Law Office of Zane L. Zielinski<br>6336 North Cicero Avenue, Suite 201<br>Chicago, Illinois 60646 | Administrative | Pursuant to Court Order entered on 6/20/2018 | $0.00 | $6,500.00 | $6,500.00 |
| 1 300 7100 | American Family Insurance Company<br>C/O Keis George, Llp<br>55 Public Square, Suite 800<br>Cleveland, Ohio 44113 | Unsecured | Claim reviewed by Trustee and determined to be valid. | $0.00 | $10,386.80 | $10,386.80 |
| | Case Totals | | | $0.00 | $26,364.78 | $26,364.78 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-14266
Case Name: Katarzyna Bardo
Trustee Name: Frank J. Kokoszka, Trustee

| | |
|---|---:|
| Balance on hand | $ 26,819.54 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: Frank J. Kokoszka | $ 3,412.51 | $ 0.00 | $ 3,412.51 |
| Trustee Expenses: Frank J. Kokoszka | $ 77.82 | $ 0.00 | $ 77.82 |
| Attorney for Trustee Fees: Kokoszka & Janczur, P.C. | $ 4,200.00 | $ 0.00 | $ 4,200.00 |
| Attorney for Trustee Expenses: Kokoszka & Janczur, P.C. | $ 3.35 | $ 0.00 | $ 3.35 |
| Accountant for Trustee Fees: Alan D. Lasko & Associates, P.C. | $ 1,761.50 | $ 0.00 | $ 1,761.50 |
| Accountant for Trustee Expenses: Alan D. Lasko & Associates, P.C. | $ 22.80 | $ 0.00 | $ 22.80 |
| Other: Eryk Folmer | $ 6,500.00 | $ 6,500.00 | $ 0.00 |

| | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ 9,477.98 |
| Remaining Balance | $ 17,341.56 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 10,386.80  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Family Insurance Company | $ 10,386.80 | $ 0.00 | $ 10,386.80 |
| | Total to be paid to timely general unsecured creditors | | | $ 10,386.80 |
| | Remaining Balance | | | $ 6,954.76 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.2 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 79.85 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 6,874.91 .